IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-342 |
| GLENN LIJEWSKI | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Michael Leo Ivory, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT(S) | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to commit offenses against the United States<br>From in and around 2010 and continuing thereafter until in and around April, 2017 | 18 U.S.C. § 371 |
| 2-3 | Violation of a Clean Water Act Industrial User Permit<br>From in and around February 2016 – January 2017 | 33 U.S.C. §§ 1317, 1319(c)(2)(A), and 18 U.S.C. § 2 |

FILED
NOV 12 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

**A.  As to Count One:**

In order for the crime of conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2. That GLENN LIJEWSKI was a party to or member of that agreement;

3. That GLENN LIJEWSKI joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that GLENN LIJEWSKI and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective, that is, violating the Clean Water Act to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.     As to Counts Two and Three:**

In order for the crime of Violation of a Clean Water Act Industrial User Permit, in violation of 33 U.S.C. §§ 1317, 1319(c)(2)(A) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. An individual, corporation, partnership, association, State, municipality, or political subdivision of a State or any interstate body;

2. knowingly violated;

3. a requirement set forth in a Clean Water Act Industrial User Permit issued as part of a federally-approved pretreatment program.

Authority: 33 U.S.C. §§ 1317, 1319(c)(2)(A), and 18 U.S.C. § 2.

## III. PENALTIES

A. **As to Count One: Conspiracy to commit offenses against the United States (18 U.S.C. § 371):**

    1. <u>Individuals</u> - The maximum penalties for individuals are:

        (a) imprisonment of not more than five (5) years (18 U.S.C. § 371);

        (b) a fine not more than the greater of;

            (1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

            (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

        (c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

        (d) Any or all of the above.

B. **As to Counts Two and Three: Violation of a Clean Water Act Industrial User Permit (33 U.S.C. §§ 1317, 1319(c)(2)(A) and 18 U.S.C. § 2):**

The maximum possible penalties per count are:

    1. A term of imprisonment of no more than three (3) years;

    2. a fine of $50,000 per day of violation, and a fine of at least $5,000 per day if a fine is imposed, $250,00 if that amount is greater that the per day fine set forth in the Clean Water Act, or, alternatively, an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the

imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    3.    A term of probation of not more than three (3) years;

    4.    A term of supervised release of not more than one (1) year (18 U.S.C. § 3583); and

    5.    Any of all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case at Count One, together with any authorized penalty, as part of the defendants' sentences, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

Not applicable in this case.

        Respectfully submitted,

        SCOTT W. BRADY
        United States Attorney

        */s/ Michael Leo Ivory*
        MICHAEL LEO IVORY
        Assistant U.S. Attorney
        PA ID No. 59296